Filed 3/17/14  P. v. Soto CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SUSANA ROCHA SOTO,<br><br>     Defendant and Appellant. | H038757<br>(Monterey County<br>Super. Ct. No. SS111979) |

Defendant Susana Rocha Soto pleaded nolo contendre to one felony count of leaving the scene of an accident resulting in an injury.  (Veh. Code, § 20001, subd. (a).)  The trial court suspended imposition of sentence, placed Soto on three years of probation, and ordered her to pay $175,787.48 in victim restitution.

Soto appealed the restitution order, arguing that the trial court erred by (1) allowing the victim's attorney to conduct the restitution hearing in lieu of the district attorney and (2) ordering restitution based on the dollar amount of the victim's medical bills without inquiring as to the actual amount of medical expenses paid on the victim's behalf.  Soto also claimed that, to the extent her trial counsel failed to adequately object to the conduct of the hearing or the amount of restitution ordered, she received ineffective assistance of counsel.

After the appeal had been fully briefed, defendant's counsel informed the court that, in an order dated January 14, 2014, the trial court deemed the restitution order satisfied.  In supplemental briefs filed at our request, both parties represented that this

appeal is moot.  The parties' supplemental briefs and attached exhibits indicate that a related civil suit by the victim against defendant and her parents has been settled for $250,000.  That settlement agreement, which has received court approval in the personal injury action, provides that the settlement payment "will also satisfy the restitution order made by the court" in the criminal case at issue in this appeal.

" 'It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events.' " (*Giles v. Horn* (2002) 100 Cal.App.4th 206, 226-227.)  We agree with the parties that the appeal from the restitution order has been rendered moot by the settlement payment.  Regardless of whether we affirm the restitution order, the insurer will remain obligated to pay the victim $250,000 pursuant to the settlement agreement.  Accordingly, we cannot grant defendant any relief by reversing the restitution order, such that the appeal is moot.

## DISPOSITION

The appeal is dismissed as moot.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.